IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. HENSON, Inmate #1611, IDOC No. N-70390, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL NO. 11-cv-005-JPG |
| vs. | ) ) |
| PATRICIA KELLEY, EMILY BOLLMANN, JEREMY KENNON, SHIRLEY SHAW, KEITH LINGLE, and DOCTOR TARIQ, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James R. Henson, an inmate currently in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed in the Chester Mental Health Center. Plaintiff is serving 6-year and 5-year sentences for separate convictions of aiding and abetting the possession or sale of a stolen vehicle. Plainitiff is also awaiting trial on another charge and was confined in the Chester Mental Health Center after a finding that he was unfit to stand trial. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable

> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff makes several allegations that echo his complaints raised in *Henson v. Kennon*, No. 10-cv-795-JPG (S.D. Ill. filed Oct. 13, 2010) and *Henson v. Fisher*, No. 10-cv-796-MJR (S.D. Ill. filed Oct. 13, 2010), as well as several new claims. First, he states that on October 14,

2010, Defendants Bollmann, Shaw, Kennon and Lingle confiscated Plaintiff's personal property from his living area, including privileged attorney-client correspondence and other legal material. This material pertained to two cases filed with this Court (*Henson v. Kennon*, No. 10-cv-795-JPG (S.D. Ill. filed Oct. 13, 2010); *Henson v. Fisher*, No. 10-cv-796-MJR (filed Oct. 13, 2010, dismissed March 28, 2011)), as well as a case pending in the Northern District of Illinois (*Henson v. Sedlock*, No. 10-c-50111 (filed May 3, 2010)). Plaintiff asserts that Defendants confiscated the legal material in order to hinder his Americans with Disabilities Act (ADA) claim he was pursuing against Defendants Kennon and Bollmann.[1] Plaintiff further claims Defendant Bollmann told him he had no right to "correspond with courts" while under her care (Doc. 1, p. 12).

Also on October 14, 2010, Defendant Kennon made a false disciplinary report so that Defendants Kennon and Bollmann could deprive Plaintiff of writing material and legal mail, thus hindering Plaintiff from communicating with his attorney and pursuing his administrative complaint(s) and court case(s) against them.

Defendant Bollmann withheld Plaintiff's personal medical-related mail, from October 16 to November 10, 2010.

Plaintiff further claims that he was denied appropriate medical treatment by Defendants Bollman, Shaw, and Doctor Tariq for pain in his neck and shoulder, tinnitus, a sleep disorder, and for side effects of his seizure medication. He makes several other rambling claims: that

---

[1] The Court notes that Plaintiff has yet another pending case arising from this October 14, 2010, incident, alleging that Defendant Kennon retaliated against Plaintiff by purposely disrupting his sleep, after Defendant Kennon discovered Plaintiff's lawsuit against him; *Henson v. Kennon*, No. 11-cv-004-JPG-PMF (S.D. Ill. filed Jan. 4, 2011).

Defendant Bollmann incorporated one of Plaintiff's stolen legal documents into his medical file, "jeopardizing my standing in Court with my trial Judge" (Doc. 1, p. 12).; Defendant Bollmann coerced him to tell a psychiatrist that he "felt fit for trial with their medication treatment plan," which was a lie (Doc. 1, p. 12); and Defendants Fisher and Bollmann "coerced a psychiatrist into recommending me to a Circuit Court as restored to proper fitness" even though he had been denied medical care (Doc. 1, p. 12-13).

Finally, he states Defendant Kelley refused to act on his complaints over sleep deprivation and theft of his legal material.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into seven (7) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Confiscation of Legal Mail**

On the date Plaintiff's legal mail was confiscated, he had five cases filed in the Northern District of Illinois,[2] and had just filed two more cases in this Court, both of which involved Defendant Kennon.[3] In addition, Plaintiff had a pending criminal prosecution, in which the judge had ordered Plaintiff to be treated in the Chester Mental Health Center with the goal of restoring

---

[2] *Henson v. Sedlock*, No. 10-c-50111 (N.D. Ill. filed May 3, 2010); *Henson v. Sedlock*, No. 10-c-50214 (N.D. Ill. filed Aug. 23, 2010); *Henson v. Solarzano*, No. 10-c-50262 (N.D. Ill. filed Oct. 5, 2010); *Henson v. Hirsch*, No. 10-c-50260 (N.D. Ill. filed Oct. 5, 2010); *Henson v. Wienke*, No. 10-c-50261 (N.D. Ill. filed Oct. 5, 2010).

[3] *Henson v. Kennon*, No. 10-cv-795-JPG (S.D. Ill. filed Oct. 13, 2010); *Henson v. Fisher*, No. 10-cv-796-MJR (filed Oct. 13, 2010).

him to fitness to stand trial. Plaintiff had court-appointed counsel for the pending criminal case, as well as appointed counsel in one civil case (*Henson v. Sedlock*, No. 10-c-50111 (N.D. Ill. filed May 3, 2010)).

The interference with Plaintiff's legal mail potentially implicates both his rights to free speech and association, and his right to access the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996). Inmates have a First Amendment right both to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). An inmate's mail can be opened and inspected for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 574-77 (1974); *Rowe*, 196 F.3d at 782. However, an inmate's rights may be violated if prison officials open clearly marked incoming legal mail outside of the inmate's presence. *See Wolff*, 418 U.S. at 577; *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 305-06 (7th Cir. 1993). Moreover, outgoing legal mail from an inmate is subject to "greater constitutional protection [than incoming legal mail] because of the lesser security concerns presented." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003).

While the negligent or inadvertent opening of a legal letter is not actionable, s*ee, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990), the deliberate opening of legal mail and theft of mail may state a valid claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (defendant's allegedly deliberate opening of legal mail, inordinate delay in delivering legal mail, and theft of mail stated constitutional claim). Here, Plaintiff has alleged that the Defendants deliberately "stole" his "privileged written attorney client legal correspondence" (Doc. 1, p. 10-11) and refused to return it to him. The complaint appears to allege the taking of mail received from one or both of Plaintiff's attorneys, and possibly copies of outgoing legal mail. As this

Court found on a similar claim in *Henson v. Kennon*, No. 10-cv-795-JPG, Count 1 against Defendants Bollmann, Shaw, Kennon, and Lingle for the taking of his legal mail cannot be dismissed at this stage of the litigation.

**Count 2 - Confiscation of Legal Documents, and Count 3 - Retaliation**

Plaintiff had 7 civil suits pending on October 14, 2010. He alleges that the legal complaints and other legal material confiscated by the Defendants related to the two cases he had just filed in this Court (*Henson v. Kennon*, No. 10-cv-795-JPG; *Henson v. Fisher*, No. 10-cv-796-MJR), and to his earliest-filed case in the Northern District of Illinois (*Henson v. Sedlock*, No. 10-c-50111). He claims that Defendant Kennon confiscated the documents from *Henson v. Kennon* and *Henson v. Fisher* in order to hinder Plaintiff's pursuit of those cases, which alleged constitutional violations by Defendants Kennon and Bollmann. The documents from *Henson v. Sedlock* were needed by Plaintiff for an upcoming meeting with his appointed attorney.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show either failure to provide him with access to legal material or assistance from "persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992); *see also Bounds v. Smith*, 430 U.S. 817, 828 (1977). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. There must be some detriment resulting from illegal conduct that affects litigation, and delay is not in and of itself a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the

length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603; *see also Walters v. Edgar*, 163 F.3d 430, 434-35 (7th Cir. 1998) ("denial of access to the courts is not actionable unless the plaintiff has suffered an injury over and above the denial").

An allegation of actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts, *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990); *see also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005); *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987). Such an allegation must be more than merely conclusory.

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (quoting *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir. 1999)).

In the instant case, Plaintiff has alleged an improper and deliberate interference with access to his legal material, and has identified three cases which may have been affected. However, Plaintiff has failed to allege that the confiscation of his documents caused him any detrimental delay or other prejudice in the pursuit of a meritorious claim. Two of the cases Plaintiff identifies were found to have sufficient merit to survive threshold review and remain

pending. This Court's docket information as well as the electronic records available on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) fail to disclose any potential prejudice or detriment of any kind in those two matters. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Plaintiff's other case, *Henson v. Fisher*, No. 10-cv-796-MJR, which included an ADA claim, was dismissed by this Court on March 28, 2011. The dismissal was not due to any detriment that could have been caused by the Defendants' taking of Plaintiff's legal materials. Instead, this Court found that Plaintiff had failed to allege a constitutional claim upon which his federal ADA claim could be based. Plaintiff's ADA claim was dismissed without prejudice, which would allow Plaintiff to bring the claim in state court if he so desired. *Henson v. Fisher*, No. 10-cv-796-MJR (Doc. 13, March 28, 2011). There being no indication from the court records or from the instant complaint that Plaintiff suffered any detriment from the improper confiscation of his legal materials, Count 2 must be dismissed with prejudice.

However, Count 3, the retaliation claim, is another matter. Even though Plaintiff's allegations of the theft of his legal documents do not state a claim in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under §1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*discussing Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267,

275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse reaction or reactions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 551. Plaintiff has named the suits involved and the act of retaliation (the confiscation of legal documents relating to those very suits), which is sufficient to make out a retaliation claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). In addition, Plaintiff alleges further retaliation in that Defendant Kennon made a false disciplinary report in order to help Defendant Bollmann deprive Plaintiff of writing material and hinder his ability to communicate with counsel and pursue his complaints against Defendants Kennon and Bollmann. Thus, the Court is unable to dismiss the retaliation claims against Defendants Kennon and Bollmann at this time.

**Count 4 - False Disciplinary Charge**

Although the false disciplinary report is actionable as a retaliation claim, Plaintiff's allegations do not state a separate due process violation.

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call

witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff*, 418 U.S. at 563-69; *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer, such as issuing the inmate a fabricated conduct violation.

Plaintiff has not pointed out any failure to provide him with the procedural protections outlined in *Wolff*, nor has he claimed that discipline was imposed in the absence of any supporting evidence. Accordingly, Plaintiff has failed to plead any violation of his due process rights, and Count 4 must be dismissed with prejudice.

**Count 5 - Confiscation of Non-Legal Mail**

Plaintiff alleges that for nearly a month, Defendant Bollman withheld his personal mail material, consisting of medical information on tinnitus obtained from the internet. As stated above in Count 1, inmates have a First Amendment right to receive mail.

The Seventh Circuit has stated that "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, the Circuit has also ruled that "the arbitrary denial of access

to published materials violates an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996), *quoting Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir.) (per curiam), *cert. denied*, 488 U.S. 863 (1988). The incident described by Plaintiff appears to be an arbitrary denial not limited to a short-term disruption. Therefore, Count 5 against Defendant Bollmann cannot be dismissed at this stage.

**Count 6 - Medical Indifference**

Plaintiff alleged in his earlier case, *Henson v. Fisher*, No. 10-cv-796-MJR (S.D. Ill. filed Oct. 13, 2010), that staff at the Chester Mental Health Center were deliberately indifferent to his need for treatment of a sleep disorder arising from side effects of his prescribed seizure medication. This Court dismissed those allegations because Plaintiff's disagreement with his medical treatment fails to state a constitutional claim. *See Henson v. Fisher*, No. 10-cv-796-MJR, Doc. 13, March 28, 2011. Plaintiff now renews his allegations of inadequate treatment for the sleep disorder and side effects of the seizure medication, and adds claims that he was not properly treated for tinnitus and pain in his neck and shoulder. These claims similarly fail to state any constitutional violation.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

In order to establish deliberate indifference, a plaintiff must first show that his medical need was serious, and then must show that "a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008). The Seventh Circuit's decisions elucidating the standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering")*.* This Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth,* 532 F.3d at 679; *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

The Court will accept that Plaintiff suffers from several serious medical conditions. However, Plaintiff has failed to allege any knowing or deliberate deprivations of medical care by any of the Defendants, other than his conclusory statements that the care he received was not effective or appropriate. He faults Defendant Bollmann for failing to coordinate communication between his psychiatrist and physician to appropriately treat him, and claims Defendant Shaw

agreed to research possible medical remedies but failed to do so. He states that Defendant Dr. Tariq, the general physician, refused to appropriately examine and treat him from July 1, 2010, to the date he filed the instant complaint. Plaintiff's allegations may be summed up as general dissatisfaction with the quality and nature of the care he received, along with possible negligence in treating his conditions. Even taken as true, such allegations do not rise to the level of an Eighth Amendment claim for deliberate indifference to medical needs. Accordingly, Count 6 against Defendants Bollmann, Tariq, Shaw, and Fisher must be dismissed with prejudice.

**Count 7 - Failure to Respond to Grievances**

Plaintiff alleges that Defendant Kelley, the facility director, has deliberately refused to address a written complaint of July 5, 2010, regarding "deprivation of sleep abuse," or a November 12, 2010, written complaint regarding the theft of his legal material by staff (Doc. 1, p. 13). As with the similar complaint raised by Plaintiff in *Henson v. Kennon*, No. 10-cv-795-JPG (S.D. Ill. filed Oct. 13, 2010), this is not a constitutional violation.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Furthermore, Plaintiff has no constitutional right to have his grievances resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Accordingly,

the allegations in Count 7 that Defendant Kelley refused to respond to Plaintiff's complaints about staff conduct fail to state a claim upon which relief may be granted, and must be dismissed with prejudice.

**Miscellaneous Allegations**

Plaintiff takes issue with several other matters, but fails to outline any violation of his constitutional rights. These include Plaintiff's claims that Defendant Bollmann coerced him to lie to the psychiatrist regarding his fitness for trial, Defendant Bollmann and Defendant Fisher coerced a psychiatrist to find that Plaintiff had been restored to fitness, and Defendant Bollmann improperly incorporated one of his "stolen" legal documents into his medical file. Plaintiff fails to explain how the latter action would "jeopardize [his] standing in court with [his] trial Judge" (Doc. 1, p. 12), nor how this would implicate any constitutional right.

The issue of Plaintiff's fitness or lack of fitness to stand trial on his pending criminal case is a matter for the state court to determine in its sound discretion. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995) (under *Younger* abstention doctrine, plaintiffs confined in mental health treatment center after being adjudicated not guilty by reason of insanity (NGRI) could not maintain § 1983 action challenging "conditions of confinement that are actively supervised by state courts," but must bring complaints regarding their treatment plan in state court (citing *Younger v. Harris,* 401 U.S. 37 (1971))); *see also Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Because the issue of Plaintiff's fitness and his appropriate treatment is the subject of an ongoing state court case, it would be improper for this Court to insert itself into that pending state matter, even if Plaintiff's allegations stated a constitutional claim. Plaintiff will have the opportunity to raise any errors regarding the fitness determination in the trial court, as well as in

an appeal or state post-conviction proceeding.

**Disposition**

  **IT IS HEREBY ORDERED** that **COUNTS 2, 4, 6** and **7** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.  Defendants **KELLEY** and **TARIQ** are **DISMISSED** from this action with prejudice.

  **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **BOLLMANN, KENNON**, **SHAW** and **LINGLE** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

  **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document

submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 19, 2011**

*s/J. Phil Gilbert*
**United States District Judge**