IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R HENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:11-cv-00005-JPG-PMF** |
| | ) |
| PATRICIA KELLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the defendants' (Doc. 35) motion for summary judgment on exhaustion. The plaintiff has not responded to the motion. For the following reasons, it is RECOMMENDED that the defendants' (Doc. 35) motion for summary judgment be GRANTED.

### I. Background

While awaiting trial on criminal charges in state court, the plaintiff, James R. Henson, was deemed unfit for trial and remanded to the custody of the Illinois Department of Human Services at Chester Mental Health Center ("CMHC"). The plaintiff filed a seven-count complaint against six defendants pursuant to 42 U.S.C. § 1983 on January 4, 2011 alleging violations of his constitutional rights during his time at CMHC. On May 23, 2011, the Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A and dismissed four counts and three defendants from this case with prejudice. *See* Doc. 14 at 15. The Court also found that the plaintiff stated claims for confiscation of legal mail in violation of the First Amendment (Count 1) against defendants Bollmann, Shaw, Kennon, and Lingle, First Amendment retaliation

1

(Count 3) against defendants Kennon and Bollmann, and another count of confiscation of legal mail (Count 5) against defendant Bollman. *See* Doc. 14.

On December 13, 2011, the remaining defendants filed the instant (Doc. 35) motion for summary judgment and a notice warning the *pro se* plaintiff of the consequences of failing to respond to motion for summary judgment (Doc. 36) in compliance with the law of this Circuit. *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Henson did not file a response within the allowable window. The Court then issued an order directing Henson to show cause within eight days why judgment should not be entered for the remaining defendants. *See* Doc. 37. Henson did not respond to the order to show cause.

## II. Discussion

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. The Court will first summarize the applicable law and will then discuss the relevant dispute in the (Doc. 35) motion for summary judgment.

### A. Exhaustion of Administrative Remedies; Standard

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the

lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Finally, "[e]xhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

### B. The (Doc. 35) Motion for Summary Judgment

The remaining defendants argue that the plaintiff has never fully exhausted his administrative remedies with regard to his claims against them. At all times relevant to this lawsuit, Henson was a pre-trial detainee in the custody of the Illinois Department of Human Services at CMHC as a result of being accused of violation(s) of criminal law. CMHC is a mental health facility. The defendants argue that, even though Henson was remanded to the custody of a mental health facility, the exhaustion requirements of the PLRA still apply to this lawsuit. The Court agrees.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title … *by a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The term "prisoner" is defined by statute as "any person incarcerated or detained *in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. § 1997e(h) (emphasis added). Accordingly, Henson was a prisoner that was confined in a correctional facility at all times relevant to this lawsuit, and he was subject to the exhaustion requirement of the PLRA. *See, e.g.*,

3

*Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (pre-trial detainee whose felony charge was held in abeyance during his treatment for mental illness under Illinois Sexually Dangerous Persons Act, was "prisoner" subject to exhaustion requirement and three-strikes provision of the PLRA).

The following set of verified facts was submitted by the defendants in support of their (Doc. 35) motion for summary judgment:

> There is a formal grievance process at CMHC. Doc. 35-1 at 1 ¶¶ 2-3. The written policy for the grievance process is distributed to residents in the Patient Handbook. *Id*. ¶ 3. The grievance process begins with a resident's written complaint. *Id*. ¶ 4. The Human Rights/Ethics Committee ("HREC") is the institution that receives and reviews resident grievances. *Id*. ¶ 2. HREC conducts an initial review of resident grievances and may forward the grievances containing serious allegations to the Office of the Inspector General for investigation. *Id*. ¶ 5. If the grievance contains relatively minor allegations or is returned from the Office of the Inspector General, HREC will attempt to resolve the grievance. *Id*. ¶ 6. If a resident is unsatisfied with the resolution at the institutional level, the resident has the opportunity to appeal his grievance. *Id*. ¶ 7. If the grievance contains relatively minor allegations or is returned from the Office of the Inspector General, HREC will attempt to resolve the grievance. *Id*. ¶ 6. If a resident is unsatisfied with the resolution at the institutional level, the resident has the opportunity to appeal his grievance. *Id*. ¶ 7. HREC maintains records of the residents' grievances. *Id*. ¶ 8. HREC's records indicate that Plaintiff filed two grievances while he was at CMHC. *Id*. at 1-2 ¶ 9. The first grievance was dated September 10, 2010. *Id*. 1-2 ¶ 9). It contains allegations that Defendant Kennon and Joni Fisher stole his legal mail and confiscated his property in early July 2010. *Id*. at 3-5. The second grievance concerns complaints from November 2010. *Id*. at 1-2, ¶ 9. It contains general allegations regarding the theft of his personal property. *Id*. at 6-10.

After review of the complaint (Doc.1) and the screening order dismissing many of the claims in the complaint (Doc. 14), the Court finds that the following factual allegations remain in this lawsuit:

1) Count 1: a claim that defendants Bollmann, Shaw, Kennon and Lingle confiscated Henson's personal property from his living area, including privileged attorney-client correspondence and other legal material, *on October 14, 2010. See* Doc. 1 at 10 ¶ 1; Doc. 14 at 3-6.

2) Count 3: a claim that defendants Kennon and Bollman filed a false disciplinary report against Henson *on October 14, 2010*. *See* Doc. 1 at 11 ¶ 3; Doc. 14 at 8-9.

3) Count 5: a claim that *from October 16, 2010 to November 10, 2010*, Defendant Bollman withheld his personal mail material, consisting of medical information on tinnitus obtained from the internet. *See* Doc. 1 at 12-13 ¶ 7; Doc. 14 at 10-11.

The remaining defendants argue that Henson failed to file grievances for the allegations in this lawsuit. After review of the grievances attached to the defendants' (Doc. 35) motion for summary judgment, the Court agrees that the relevant dates of the allegations in the grievances do not match up with the relevant dates of the allegations of this lawsuit. The plaintiff has failed to file a response to the instant motion despite being repeatedly warned of the consequences for such a failure. *See, e.g.,* FED. R. CIV. P. 56(e) (the failure to support or properly address a fact may be grounds to consider a fact undisputed or summary judgment may be granted if the facts show that the movant is so entitled); *see also* SDIL-LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission on the merits of the motion). Here, the undisputed facts show that the remaining defendants are entitled to summary judgment because Henson has failed to exhaust his administrative remedies with regard to the allegations of this lawsuit.

### III. Recommendation

For the forgoing reasons, it is RECOMMENDED that the defendants' (Doc. 35) motion for summary judgment be GRANTED as follows:

It is RECOMMENDED that defendants Emily Bollmann, Jeremy Kennon, Keith Lingle, and Shirley Shaw be DISMISSED from this lawsuit.

If this recommendation is adopted in its entirety, there will be no further issues requiring the Court's attention. Magistrate Judge Philip M. Frazier referral terminated.

 SO RECOMMENDED.

 DATED: February 14, 2012

> */s/ Philip M. Frazier*
> PHILIP M. FRAZIER
> UNITED STATES MAGISTRATE JUDGE